UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-02770-DMG-KK | Date | March 4, 2015 |
|---|---|---|---|
| Title | Guadalupe Barragan v. Deborah Johnson | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:**  (In Chambers) Order Requiring Answer to Petition

   On April 3, 2014, Guadalupe Barragan ("Petitioner"), a California state prisoner proceeding pro se, constructively filed the instant Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), with this Court.[1]  (ECF Docket No. ("dkt.") 1).  In the Petition, Petitioner challenges her June 2010 conviction in Los Angeles County Superior Court for first-degree murder.  (Id.).  Respondent has filed a Return, arguing the Petition is untimely.  For the reasons set forth below, the Court declines to dismiss the Petition as untimely based on the limited record before it.  Furthermore, because Respondent's Return only challenges the timeliness of the Petition, the Court orders Respondent to file an Answer addressing the merits of the Petition's claims.

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court.  See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000).  Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the Petition was signed on April 3, 2014.  Pet. at 16.

   In its Return, Respondent contends Petitioner cannot benefit from the mailbox rule because the Petition was not delivered within the limitations period for federal habeas petitions.  See Return at 4 n.5 (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003)).  Because the Court concludes there is a strong possibility the constructive filing date falls within the statute of limitations for federal habeas petitions, the Court calculates the date of filing according to the mailbox rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-02770-DMG-KK | Date | March 4, 2015 |
|---|---|---|---|
| Title | Guadalupe Barragan v. Deborah Johnson | | |

# I.
# PROCEDURAL BACKGROUND

On June 10, 2010, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of first-degree murder, in violation of California Penal Code section 187(a). See Lodg. No. 1.[2] On October 6, 2010, the trial court sentenced Petitioner to fifty years in state prison. Lodg. No. 2.

On March 8, 2012, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal.[3] Lodg. No. 4. On May 16, 2012, the California Supreme Court summarily denied discretionary review of the appeal. Lodg. No. 6. On October 15, 2012, the U.S. Supreme Court denied Petitioner's petition for a writ of certiorari. Lodg. No. 7.

On May 15, 2013, Petitioner constructively filed a petition for a writ of habeas corpus in the Los Angeles County Superior Court. Lodg. No. 8. On May 23, 2013, the Superior Court denied the petition on the ground that the issues raised in the petition either were or should have been raised on appeal. Lodg. No. 9.

On November 4, 2013, Petitioner constructively filed a petition for a writ of habeas corpus in the California Court of Appeal. Lodg. No. 10. On November 22, 2013, the California Court of Appeal denied the petition, citing In re Dixon, 41 Cal. 2d 756, 759 (1953), In re Harris, 5 Cal. 4th 813, 829 (1993), and In re Robbins, 18 Cal. 4th 770, 779 (1998). Lodg. No. 11.

On December 22, 2013, Petitioner constructively filed a petition for a writ of habeas corpus in the California Supreme Court. Lodg. No. 12. On March 12, 2014, the California Supreme Court summarily denied the petition. Lodg. No. 13.

On April 3, 2014, Petitioner constructively filed the instant Petition. (ECF Docket

---

[2] The Court's citations to Lodgments refer to the lodged documents filed by Respondent in support of its Return. (ECF Docket No. 18).

[3] In addition to affirming Petitioner's convictions, the Court of Appeal also ordered the trial court's abstract of judgment be corrected to reflect an award of 791 days of presentence custody credit. See Lodg. No. 4 at 14-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-02770-DMG-KK | Date | March 4, 2015 |
|---|---|---|---|
| Title | Guadalupe Barragan v. Deborah Johnson | | |

No. ("dkt.") 1). On October 6, 2014, Respondent filed a Return, contending the Petition is untimely under 28 U.S.C. § 2244(d)(1). (Dkt. 17). On February 5, 2015, Petitioner filed a Reply to Respondent's Return. (Dkt. 24).

## II.
## DISCUSSION

The instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court must apply the requirements for habeas relief set forth in AEDPA when reviewing the Petition. Soto v. Ryan, 760 F.3d 947 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

AEDPA's one-year limitations period commences on the date a petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A).[4] Under Section 2244(d)(1)(A), the AEDPA limitations period does not begin accruing "until both [a petitioner's] conviction *and* sentence bec[o]me final by the conclusion of direct review or the expiration of the time for seeking such review." Burton v. Stewart, 549 U.S. 147, 156-57, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (internal quotation marks omitted) (emphasis in original).

### A. Petitioner Did Not File Her Petition Within AEDPA's One-Year Limitations Period

In this case, Petitioner's conviction became "final" on October 15, 2012—the day the U.S. Supreme Court denied Petitioner's petition for a writ of certiorari on direct review. See Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the U.S. Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for

---

[4] The limitations period under Section 2244(d)(1) may also commence on dates set forth in 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D). None of these provisions are applicable here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-02770-DMG-KK | Date | March 4, 2015 |
|---|---|---|---|
| Title | Guadalupe Barragan v. Deborah Johnson | | |

filing a certiorari petition expires."). Consequently, under Section 2244(d)(1)(A), the AEDPA limitations period commenced on October 16, 2012 and lapsed a year later on **October 15, 2013**. 28 U.S.C. § 2244(d)(1)(A); Fed. R. Civ. P. 6(a). Petitioner did not file this action until April 3, 2014—roughly six months after the limitations period elapsed. Hence, the Petition is untimely under Section 2244(d)(1), absent tolling.

**B.     Statutory Tolling Cannot Render The Petition Timely**

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). However, the U.S. Supreme Court has explained that if a state habeas petition is not timely filed under the applicable state law, it is not "properly filed" and will not toll the AEDPA limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). On collateral review, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending,'" thus tolling the limitations period. Carey v. Saffold, 536 U.S. 214, 223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

On May 15, 2013, two-hundred and twelve days after the AEDPA limitations period commenced on October 16, 2012, Petitioner constructively filed a state habeas petition in the Los Angeles County Superior Court. See Lodg. No. 8. The state petition was denied eight days later on May 23, 2013 and Petitioner is entitled to statutory tolling, pursuant to 28 U.S.C. § 2244(d)(2), for the eight days the state petition was pending.[5] See Lodg. No. 9. However, the AEDPA limitations period again began to accrue on May 24, 2013 and lapsed one-hundred and fifty-three days later on **October 23, 2013**—roughly six months prior to Petitioner's filing of the instant Petition on April 3, 2014. Hence, statutory tolling by virtue of the May 2013 state habeas petition alone does not render the Petition timely.

Petitioner subsequently filed two other state habeas petitions: (1) a petition in the

---

[5]     Respondent concedes Petitioner is entitled to statutory tolling for the eight days the state petition was pending before the Los Angeles County Superior Court. See Return at 5-6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-02770-DMG-KK | Date | March 4, 2015 |
|---|---|---|---|
| Title | Guadalupe Barragan v. Deborah Johnson | | |

California Court of Appeal on November 4, 2013, which was denied on November 22, 2013 (see Lodg. Nos. 10, 11); and (2) a petition in the California Supreme Court on December 22, 2013, which was denied on March 12, 2014 (see Lodg. Nos. 12, 13). When denying Petitioner's November 4, 2013 petition, the Court of Appeal cited In re Robbins, 18 Cal. 4th 770, 779 (1998). See Lodg. No. 11. The Ninth Circuit has held a California court decision's citation to Robbins indicates a state habeas petition was denied on timeliness grounds and was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). See Thorson v. Palmer, 479 F.3d 643, 645-46 (9th Cir. 2007). Hence, because the Court of Appeal's denial of Petitioner's November 4, 2013 petition rested on Robbins, the petition was not "properly filed" under Section 2244(d)(2). Likewise, because Petitioner's December 22, 2013 petition in the California Supreme Court was identical to her November 2013 petition, see Lodg. No. 10, 12, the California Supreme Court's summary denial of the petition is presumed to have also rested on Robbins. See Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."). Thus, because the Court of Appeal and California Supreme Court both relied on Robbins' timeliness bar when denying Petitioner's November and December 2013 petitions, neither petition was "properly filed" under Section 2244(d)(2). Consequently, neither petition statutorily tolled the AEDPA limitations period.[6] Statutory tolling alone therefore cannot render the instant Petition timely.

**C. Petitioner's Potential Entitlement to Equitable Tolling**

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that she has diligently

---

[6] In her Reply to Respondent's Return, Petitioner claims she was delayed in filing the November 4, 2013 petition in the California Court of Appeal and the December 22, 2013 petition in the California Supreme Court because she did not receive notice of the denial of her May 24, 2013 petition in the Los Angeles County Superior Court until October 22, 2013. See Reply at 4-5. To the extent Petitioner claims this delay in notice entitles her to statutory tolling for the gap in time between the denial of the May 2013 petition and the filing of her November 2013 and December 2013 petitions, the Court rejects this argument. Because the Court concludes both petitions were denied as untimely under state law, the gap in time between the denial of the May 2013 petition and the filing of the November 2013 and December 2013 petitions cannot toll the statute. See Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (holding that if a state petition is untimely, then "none of the time before or during the court's consideration of that petition is statutorily tolled").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-02770-DMG-KK | Date | March 4, 2015 |
|---|---|---|---|
| Title | Guadalupe Barragan v. Deborah Johnson | | |

pursued her rights; and (2) that some extraordinary circumstance stood in her way. See Holland v. Florida, 560 U.S.631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). The petitioner bears the burden of proof to demonstrate that she is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit has held that "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks omitted). Furthermore, "[d]eprivation of legal materials is [a] type of external impediment" allowing for equitable tolling. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009) (citing Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir. 2002)).

In her Reply to Respondent's Return, Petitioner appears to claim equitable tolling of the AEDPA limitations period on two grounds. First, Petitioner claims she was delayed in filing her November 2013 petition in the California Court of Appeal and her December 2013 petition in the California Supreme Court because she did not receive notice of the denial of her May 2013 petition in the Los Angeles County Superior Court until October 22, 2013. See Reply at 4-5. In support, Petitioner attaches a record of prison mail she received from 2010 to 2013, which reflects Petitioner did not receive any mail from the Los Angeles County Superior Court between May 15 and October 22, 2013. Id. at 13. The record also shows Petitioner did receive mail from the Superior Court on October 22, 2013. Id. Second, Petitioner claims she was delayed in filing the instant Petition because she was deprived of adequate access to legal materials. Id. at 8.

After considering the arguments presented by both parties, the Court finds it cannot make a definitive determination as to whether the instant Petition was timely filed by virtue of equitable tolling. First, it is unclear whether Petitioner is entitled to equitable tolling of the period between May 15, 2013 (the date she filed her May 2013 petition) and October 22, 2013 (the date she allegedly received notice of the denial of the petition). In Ramirez v. Yates, the Ninth Circuit held equitable tolling can be warranted because of "a prisoner's lack of knowledge that the state courts have reached *a final resolution of his case*" if "the prisoner has acted diligently in the matter." 571 F.3d at 997 (emphasis added). While the Court acknowledges Ramirez may *only* allow for equitable tolling in situations where a petitioner lacks notice of a state court decision that would *complete* exhaustion of state court remedies (as opposed to, as here, a decision by a *lower state court*), the Ninth Circuit has never expressly limited the scope of Ramirez to such facts. If Petitioner is entitled to equitable tolling of the period in question under Ramirez, the limitations period would be tolled for one-hundred and sixty days and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-02770-DMG-KK | Date | March 4, 2015 |
|---|---|---|---|
| Title | Guadalupe Barragan v. Deborah Johnson | | |

Petition—constructively filed on April 3, 2014—would only be untimely by ten days.[7]

Second, Petitioner has proffered additional allegations suggesting she is entitled to equitable tolling for the short amount of time necessary (*i.e.* 10 days) to render the Petition timely. Petitioner has claimed she was deprived of adequate access to legal materials. Reply at 8. If Petitioner's allegations are true, she may be entitled to equitable tolling on this additional ground. See Pacholke, 556 F.3d at 1013. Hence, the Court declines to rule on the timeliness of the Petition on the limited record before it. Accordingly, the Court instructs Respondent to file an Answer addressing the merits of the Petition's claims.

IT IS THEREFORE ORDERED:

1. Respondent's request for dismissal of the Petition in its Return on timeliness grounds is denied without prejudice to reassertion of a statute of limitations defense in Respondent's Answer.

2. Respondent is instructed to file and serve an Answer to the Petition addressing the merits of the Petition's claims within **30 days of the date of this order**.

---

[7] In its Return, Respondent contends Petitioner made no attempt to ascertain the status of her May 2013 petition in the Los Angeles County Superior Court. Return at 10-11. As a result, Respondent contends Petitioner did not diligently seek to gain notice of the denial of the petition and is not entitled to equitable tolling under Ramirez. Id. However, in her Reply, Petitioner attaches two letters (dated October 9 and 15, 2013, respectively) she wrote to the Los Angeles County Superior Court inquiring about the status of the petition. Reply at 19-20. The Court also notes Petitioner quickly and diligently filed additional petitions in the California Court of Appeal and California Supreme Court in November and December 2013 upon receiving notice of the denial of the May 2013 petition.